## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| MARY L. MARSHALL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 02-CV-2019-901077.00 |
| | * | |
| AUSTAL USA, LLC, | * | |

And A, whether singular or plural, that individual or entity or those individuals or entities who or which contributed to cause the termination of Plaintiff's employment as set forth in the Complaint;

B, whether singular or plural, that person, firm or corporation who or which owned and/or operated Austal USA, LLC on the occasion made the basis of this suit;

C, whether singular or plural, that individual or entity or those individuals or entities who or which had any role in the employment decisions made the basis of this suit;

D, whether singular or plural, that entity or those entities, other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

E, whether singular or plural, that entity or those entities which reinsured or provided excess coverage with relation to any self-insurance program provided by any party to this lawsuit;

F, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious Defendants herein;

G, whether singular or plural, those persons, firms, corporations, partnerships or other entities, other than those described above, which caused or contributed to cause the acts complained of in the Complaint;

H, whether singular or plural, that entity which, concerning the occasion made the basis of this suit, was the principal of any of the named or above-described fictitious party Defendants; and/or

I, whether singular or plural, that entity which is the successor-in-interest of the named or above-described fictitious party Defendants. Plaintiff avers that the identity of the fictitious party Defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time, their identity as proper party Defendants is not known to Plaintiff at this time; but, their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

      Defendants.

### PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Mary Marshall, by and through her undersigned Counsel of record and, pursuant to Ala. R. Civ. P., files this First Amended Complaint and alleges the following against Defendant Austal USA, LLC, and Fictitious Defendants A, B, C, D, E, F, G, H, and/or I as follows:

1. The Plaintiff re-alleges all of the allegations and claims for workers' compensation benefits set forth in paragraphs numbered 1 through 6 of her initial complaint and incorporates the same by reference as if set forth fully herein, and further alleges as follows:

2. As a direct result of the work-related injury Plaintiff suffered on March 24, 2018, Plaintiff was physically limited in the performance of her job duties and/or physically unable to perform said duties.

3. On several occasions, Plaintiff reported to her supervisors that she would be unable to come into work due to the amount of pain she was experiencing as a result of her work-related injury.

4. Despite these notifications, Defendant terminated Plaintiff's employment on December 3, 2018, for "excessive absenteeism".

5. Prior to her injury, Plaintiff rarely missed work and had satisfactory job performance reviews.

**Count II Retaliatory Discharge, Ala. Code § 25-5-11.112**

6. The Plaintiff re-alleges all of the allegations set forth in paragraphs numbered 1 through 5 and incorporates the same herein by reference, and further alleges as follows:

7. At all times material and relevant to the events and circumstances made the basis of this Complaint, the Plaintiff was employed by the Defendant, Austal USA, LLC, and one or more of the fictitious parties described in the caption hereof.

8. At all times during the course and scope of her employment with the Defendant, Plaintiff performed her job duties and served her employer diligently.

2
Case 20-11714    Doc 77    Filed 12/04/20    Entered 12/04/20 16:37:28    Desc Main
Document    Page 2 of 4

9. On or about December 3, 2018, the Defendant terminated the Plaintiff. This termination came during Plaintiff's proceedings to obtain workers' compensation benefits, and well after the Defendant's receipt of notice of Plaintiff's work-related injuries.

10. The Defendant's termination of Plaintiff's employment was deliberate, intentional, and calculated, and it was carried out solely in retaliation for Plaintiff's pursuit of Worker's Compensation benefits to which she is entitled under law.

11. The Defendant's retaliatory discharge of Plaintiff's employment was willful, malicious, oppressive, without justification or excuse, and in violation of Ala. Code § 25-5-11.1 (1975), as amended.

12. As a proximate result of Plaintiff's wrongful termination, and in violation of Alabama state law which is designed to protect the Plaintiff and other similarly-situated employees from such wrongful termination, Plaintiff was caused to suffer damages in the form of lost wages and benefits, mental anguish, outrage, emotional distress, anxiety, humiliation, and embarrassment.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Mary Marshall, demands judgment, determined by a struck jury, against the Defendants, Austal USA, LLC, and fictitious party Defendants A, B, C, D, E, F, G, H, and/or I, and an award of damages, in an amount in excess of the jurisdictional limits of this court, that will fairly and adequately compensate the Plaintiff for injuries and damages sustained, plus interest, attorneys fees, and the costs of these proceedings. Plaintiff further requests that the jury selected to hear this case render a verdict for the Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the

Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

Finally, Plaintiff requests that the Court enter judgment consistent with the verdict

**PLAINTIFF DEMANDS TRIAL BY JURY**

                                  Respectfully Submitted,

                                  /s/ Matthew B. Hall
                                  Matthew B. Hall (HAL097)
                                  Attorney for Plaintiff
                                  The Hall Law Firm, LLC
                                  30941 Mill Ln., Suite G293
                                  (251) 406-1371

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this the 2nd day of December, 2020, served a copy of the foregoing pleading on the Attorney for the Defendant, Douglas L. Brown, Esq., BRADY, RADCLIFF & BROWN, LLP, P.O. Box 1668, Mobile, AL 36633 by US Mail, 1st class postage affixed and/or via electronic filing through AlaFile.

                                                                         /s/ Matthew B. Hall