IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PATRICK REILY MURPHY, JR. | ) | Case No. 20-11714 |
| and MITSY JAMES MURPHY, | ) | |
| Debtors. | ) | |

ORDER GRANTING TRUSTEE'S MOTION
FOR SUBSTANTIVE CONSOLIDATION (DOC. 69)

This case is before the court on the chapter 7 trustee's motion for substantive consolidation (doc. 69). For the reasons discussed below, the court grants the motion.

In the motion, the trustee proposes to substantively consolidate this bankruptcy case with the following non-debtor entities: RTR Holdings, Inc.; Point Clear Services, LLC; Point Clear Insurance Partners, LLC; and PRM Real Estate, LLC. The trustee asks the court to order that he be allowed to handle all the assets and liabilities of the debtors and the non-debtor entities together in this bankruptcy case.

A substantive consolidation order "combine[s] the assets and liabilities of separate and distinct – but related – legal entities into a single pool and treat[s] them as though they belong to a single entity." *In re Mihranian*, 937 F.3d 1214, 1216 (9th Cir. 2019) (citation and quotation marks omitted). "The consolidated assets create a single fund from which all claims against the consolidated debtors are satisfied." *Id.* (citation, quotation marks, and ellipses omitted).

Substantive consolidation is appropriate where (1) "there is substantial identity between the entities to be consolidated;" and (2) "consolidation is necessary to avoid some harm or to realize some benefit." *See In re AAA Bronze Statues & Antiques, Inc.*, 598 B.R. 27, 32 (Bankr. N.D. Fla. 2019); *In re S & G Fin. Servs. of S. Fla., Inc.*, 451 B.R. 573, 583-84 (Bankr. S.D. Fla.

2011). The following factors are instructive but not the only factors that the court may consider:

(1) The degree of difficulty in segregating and ascertaining individual assets and liability;

(2) The presence or absence of consolidated financial statements;

(3) The profitability of consolidation at a single physical location;

(4) The commingling of assets and business functions;

(5) The unity of interests and ownership between the various corporate entities;

(6) The existence of parent and inter-corporate guarantees on loans; and

(7) The transfer of assets without formal observance of corporate formalities.

*See In re S & G Fin. Servs.*, 451 B.R. at 584 (Bankr. S.D. Fla. 2011). If the proponent of substantive consolidation makes "a prima facie case for substantive consolidation, the burden then shifts to an objecting creditor to show that (1) it has relied on the separate credit of one of the entities to be consolidated; and (2) it will be prejudiced by substantive consolidation." *See id.* (citation and quotation marks omitted).

Here, the debtors and the trustee confirmed that there were no additional creditors of the entities sought to be substantively consolidated that were not already included in the debtors' sworn schedules. The court's orders setting deadlines and hearing on motion for consolidation (docs. 93, 104), including an objection deadline for creditors, were sent to all creditors. No creditor objected to the motion. The movants have submitted the affidavit with exhibits of Providence Bank vice-president Melanie Otto, which the court has reviewed and considered.

In this case, the court finds that there is substantial identity between the entities to be consolidated and that consolidation is necessary to realize a benefit to the bankruptcy estate.

The court also finds that the debtors' bankruptcy estate, and thus the debtor's creditors, will suffer substantial prejudice if substantive consolidation does not occur, and that substantively consolidating the entities into this bankruptcy proceeding is necessary to properly administer the debtors' bankruptcy estate and ensure equal treatment of all of the debtors' creditors.

Specifically, the court finds:[1]

(1) That a pattern of company-to-company transfers, as shown by the bank statements referenced below, presents a high degree of difficulty in separating the funds of the corporate entities, and by extension in ascertaining the ownership of any assets acquired therewith or of the proceeds of any such assets.

(2) That, with the exception of PRM Real Estate, LLC, the corporate entities have a history of using consolidated financial statements, including tax returns.

(3) That a substantial commingling of assets and business functions existed amongst the corporate entities and between the entities and the debtor Patrick Reily Murphy, Jr. ("Murphy").

(4) That Murphy at all relevant times has been the sole shareholder of RTR Holdings, Inc. and the sole member of PRM Real Estate, LLC, and that RTR Holdings, Inc. at all relevant times has been the sole member of Point Clear Insurance Services, LLC and Point Clear Insurance Partners, LLC.

(5) That all or substantially all of the liabilities of the corporate entities are also personal liabilities of Murphy.

(6) That after diligent inquiry, including review of public records, the trustee has

[1] These findings are limited in force and effect to this bankruptcy case, and shall have no preclusive, binding, or res judicata effect in any other court.

been unable to identify any liabilities of any of the corporate entities which are not also personal liabilities of the debtor.

(7) That during the relevant time period, transfers of assets, including but not limited to funds transfers between bank accounts and payments of expenses, occurred amongst the corporate entities and between them and the debtor.

(8) That in light the foregoing, there is substantial identity between the corporate entities and Murphy and that consolidation is necessary to allow the efficient marshalling of assets and claims by the trustee.

The court thus grants the trustee's motion for substantive consolidation and orders as follows:

(1) All assets, claims, and causes of action of RTR Holdings, Inc., Point Clear Insurance Services, LLC, Point Clear Insurance Partners, LLC, and PRM Real Estate, LLC, are deemed to be property of the bankruptcy estate of the debtors and shall be administered by the trustee in accordance with applicable law.

(2) All claims, liabilities, or causes of action against RTR Holdings, Inc., Point Clear Insurance Services, LLC, Point Clear Insurance Partners, LLC, and PRM Real Estate, LLC that existed as of the petition date, or are otherwise deemed or treated as existing as of the petition date by applicable law, are hereby deemed to be creditor claims in this bankruptcy case, subject to proof and allowance in the same manner as claims against the debtors individually.

(3) The debtors must amend their schedules as necessary to reflect any additional assets and liabilities as a result of this order. Any amendment should be filed within 14 days of the date of this order.

(4) The court requests that the clerk of court serve a copy of this order on all creditors as listed on the most current creditor mailing matrix. If any creditors are added after the date of this order, the debtors must serve them with a copy of this order and file a certificate of service with the court.

Dated: February 22, 2021

HENRY A. CALLAWAY
CHIEF U.S. BANKRUPTCY JUDGE